(No. 77-CC-0125—

DANNY LEE HORTON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 4, 1980.*

ANESI, OZMON, LEWIN & ASSOCIATES, LTD., for Claimant.

WILLIAM J. SCOTT, Attorney General (CARL J. KLEIN, Assistant Attorney General), for Respondent.

POCH, J.

This was an action for compensation against the State of Illinois for time unjustly served in prison. The

claim is made under provisions of Ill. Rev. Stat. 1979, ch. 37, par. 439.8(c), which is as follows:

"All claims against the State for time unjustly served in prisons of this State where the persons imprisoned shall receive a pardon from the governor stating that such pardon is issued on the ground of innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of the following amount: for imprisonment of 5 years or less, not more than $15,000.00; for imprisonment of 14 years or less but over 5 years, not more than $30,000.00; for imprisonment of over 14 years, not more than $35,000.00; and provided further, the Court shall fix attorney's fees not to exceed 25% of the award granted."

Under the statute, imprisonment for five years or less, unjustly served, is a basis for an award for not more than $15,000.00.

The facts, as they relate to the Respondent's liability are undisputed. Claimant, at age 17, was arrested on April 23, 1975, and charged with attempted murder, attempted armed robbery and aggravated battery and was incarcerated in the Winnebago County Jail on that date. On November 7, 1975, he was convicted of the three charges and on November 14, 1975, he was sentenced to ten months in jail (with credit given for seven months already served) to be served in the Winnebago County Jail and three years probation.

Claimant was released, pursuant to his sentence, in January 1976. Subsequently, on April 28, 1976, a confession was obtained by police from another party admitting the commission of the crimes for which Claimant was convicted. On December 15, 1976, Governor Daniel Walker issued Claimant a pardon on the grounds of innocence.

Since the Claimant has received such a pardon, the sole obligation of the Court is to find the amount that is due the Claimant and also set the attorney fees that should be paid by Claimant.

Respondent asserts that Claimant has not established

the amount of damages to which he is entitled while Claimant contends that he should be awarded $15,000.00 as compensation for his unjust imprisonment.

Claimant was seventeen years of age at the time of his conviction and he was a high school student in the eleventh grade learning his trade of commercial art. Prior to incarceration he worked as a part-time machine operator.

Based upon the evidence before the Court, the Court enters an award to the Claimant for the sum of three thousand and 00/100 ($3,000.00) dollars and, in addition, sets the attorney fees at the sum of 25% of the award and payable from the award.